IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| CHARLES RANDALL HAMBLEN and | : | CASE NO. 05-95215-JB |
| JANET SMITH HAMBLEN, | : | |
| BROOKSTONE FINE WOOD | : | CASE NO. 05-95216-JB |
| PRODUCTS, INC., | : | |
| CLOSET & STORAGE SOLUTIONS, LLC, | : | CASE NO. 05-95217-JB |
| | : | |
| Debtors. | : | Jointly Administered Under |
| _____ | : | CASE NO. 05-95215-JB |
| S. GREGORY HAYS, Chapter 7 Trustee | : | |
| for Charles Randall Hamblen and | : | |
| Janet Smith Hamblen, Brookstone Fine | : | |
| Wood Products, Inc., and Closet | : | |
| Storage Solutions, LLC, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | ADVERSARY PROCEEDING |
| | : | |
| HAMBLEN FAMILY IRREVOCABLE | : | NO. |
| TRUST; LONNA HARRIS, individually | : | |
| and as Trustee of the Hamblen Family | : | |
| Irrevocable Trust; SARA ANN JONES | : | |
| SMITH, individually and as Trustee of the | : | |
| Hamblen Family Irrevocable Trust; | : | |
| GRANT K. GIBSON, individually and as | : | |
| Trustee of the Hamblen Family | : | |
| Irrevocable Trust, of NPPH HC, of 230 | : | |
| Woodward Trust, of 625 Atwood Trust, | : | |
| and of 12230 Cumming Highway Trust; | : | |
| NPPH HC, JANET SMITH HAMBLEN, | : | |
| CHARLES RANDALL HAMBLEN, 12230 | : | |
| CUMMING HIGHWAY TRUST, 230 | : | |
| WOODWARD TRUST, and 625ATWOOD | : | |
| TRUST, | : | |
| Defendants. | : | |

211110.wpd

_____:

## COMPLAINT FOR DECLARATORY JUDGMENT, FOR TURNOVER, AND FOR AVOIDANCE AND RECOVERY OF AVOIDABLE TRANSFER

COMES NOW S. Gregory Hays, Chapter 7 Trustee ("Trustee" or "Plaintiff") for Charles Randall Hamblen and Janet Smith Hamblen, Brookstone Fine Wood Products, Inc., and Closet Storage Solutions, LLC, ("Debtors"), Plaintiff herein, and files this Complaint for Declaratory Judgment, for Turnover, and for Avoidance and Recovery of Avoidable Transfer against Defendants Hamblen Family Irrevocable Trust ("HFIT"), Lonna Harris (individually and  as Trustee of HFIT), Sara Ann Jones Smith (individually and as Trustee of HFIT), Grant K. Gibson (individually and as Trustee of HFIT, of NPPH HC, of 12230 Cumming Highway Trust, of 230 Woodward Trust, and of 625 Atwood Trust), NPPH HC as Trustee of HFIT, Janet Smith Hamblen, Charles Randall Hamblen, 12230 Cumming Highway Trust, 230 Woodward Trust, and 625 Atwood Trust  showing the Court as follows:

## BACKGROUND

### 1.

Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on August 15, 2005.  On September 9, 2005, the Court entered an Order providing for joint administration of Debtors' cases.

### 2.

On February 28, 2006, the Court entered an order approving the selection of S. Gregory Hays ("Trustee") as Chapter 11 Trustee in these cases.

211110.wpd

3.

On May 3, 2006, the Court entered an Order Converting Cases to Chapter 7.

4.

On May 4, 2006, the United States Trustee filed a Notice of Appointment of Interim Trustee in which she appointed S. Gregory Hays as interim Chapter 7 Trustee to preside over the meeting of creditors.

5.

This is a proceeding which arises under Title 11, or arises in or is related to the aforesaid bankruptcy cases of the Debtors under Title 11. It is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A),(H), and (O). This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157 and in Bankruptcy Local Rule 1070-1. Venue is proper pursuant to 28 U.S.C. § 1409.

6.

Defendants may be served pursuant to Fed. R. Bankr. P. 7004, making Fed. R. Civ. P. 4 applicable herein.

7.

Defendant HFIT is an entity formed by a trust agreement executed by Charles Randall Hamblen and Janet Hamblen as Grantors, and Lonna Harris and Sara Ann Jones Smith as Co-Trustees. HFIT can be served by service upon its current Co-Trustees, Lonna Harris, Sara Ann Jones Smith, Grant K. Gibson, and NPPH HC (with Grant K. Gibson as trustee of NPPH HC) and upon its attorney, Evan M. Altman, Northridge 400, 8325 Dunwoody Place, Building Two, Atlanta, Georgia 30350.

211110.wpd

8.

Defendant Lonna Harris (sued individually and in her capacity as Co-Trustee of HFIT) is a resident of Tennessee and may be served with process at 4904 Toll House Trail, Signal Mountain, TN 37377-8551.

9.

Defendant Sara Ann Jones Smith (sued individually and in her capacity as Co-Trustee of HFIT) is a resident of Florida and may be served with process at 344 Sandpiper Drive, Punta Gorda, Florida 33950 and through her attorney, Evan M. Altman, Northridge 400, 8325 Dunwoody Place, Building Two, Atlanta, Georgia 30350.

10.

Defendant Grant K. Gibson (sued individually and in his capacity as Co-Trustee of HFIT, and in his capacity as trustee of NPPH HC, which is itself a Co-Trustee of HFIT, and in his capacity as trustee of 12230 Cumming Highway Trust, and in his capacity as trustee of 230 Woodward Trust, and in his capacity as trustee of 625 Atwood Trust) is a Georgia resident who may be served with process at 765 Crab Orchard Court, Roswell, Georgia 30076 and at P.O. Box 767488, Roswell, Georgia, 30076.

11.

Defendants Janet Smith Hamblen and Charles Randall Hamblen are the individual Debtors in a Chapter 7 proceeding related to this adversary proceeding and may be served with process at their address of record in their Chapter 7 proceeding, 510 Pennroyal Lane, Alpharetta, GA 30004, pursuant to Fed. R. Bankr. P. 7004, making Fed.. R. Civ. P. 4 applicable herein.

211110.wpd

12.

Defendant 12230 Cumming Highway Trust is, on information and belief, an entity established by a trust agreement naming Grant K. Gibson as trustee.  Defendant 12230 Cumming Highway Trust may be served with process by service on Grant K. Gibson at 765 Crab Orchard Court, Roswell, Georgia 30076 and at P.O. Box 767488, Roswell, Georgia, 30076.

13.

Defendant 230 Woodward Trust is, on information and belief, an entity established by a trust agreement naming Grant K. Gibson as trustee.  Defendant 230 Woodward Trust may be served with process by service on Grant K. Gibson at 765 Crab Orchard Court, Roswell, Georgia 30076 and at P.O. Box 767488, Roswell, Georgia, 30076.

14.

Defendant 625 Atwood Trust is, on information and belief, an entity established by a trust agreement naming Grant K. Gibson as trustee.  Defendant 230 Woodward Trust may be served with process by service on Grant K. Gibson at 765 Crab Orchard Court, Roswell, Georgia 30076 and at P.O. Box 767488, Roswell, Georgia, 30076.

15.

Defendant NPPH HC is, on information and belief, an entity established by a trust agreement naming Grant K. Gibson as trustee.  Defendant NPPH HC may be served with process by service on Grant K. Gibson at 765 Crab Orchard Court, Roswell, Georgia 30076 and at P.O. Box 767488, Roswell, Georgia, 30076.

211110.wpd

### FACTUAL BACKGROUND:

### I.  ORGANIZATION OF HALSTIN COMPANY, LLC

16.

Plaintiff hereby incorporates the allegations contained in paragraphs numbered 1 through 15 as if fully restated herein.

17.

On or about June 23, 1997, Charles Randall Hamblen and Janet Smith Hamblen formed Halstin Company, LLC ("Halstin"), a limited liability company organized under the laws of the State of Georgia.

18.

Pursuant to its Articles of Organization, the management of Halstin is vested in its members.  The initial members were Charles Randall Hamblen and Janet Smith Hamblen, each having a fifty (50%) percent ownership interest.

19.

In their original bankruptcy schedules (signed under penalty of perjury), Charles Randall Hamblen and Janet Smith Hamblen listed their one hundred (100%) percent ownership interest in Halstin.

20.

Charles Randall Hamblen and Janet Smith Hamblen testified under oath at their initial Section 341 meeting of creditors that they owned 100% interest in Halstin.

- 6 -

21.

Following the conversion of their case and related cases to Chapter 7 cases, Charles Randall

Hamblen and Janet Smith Hamblen amended their schedules to omit the inclusion of their ownership interest

in Halstin, and they denied being the owners of the membership interest in Halstin in their testimony under

oath at the Section 341 meeting of creditors following conversion of the cases and in their testimony under

oath at their Rule 2004 examination..

22.

Halstin owns, or owned, certain real property located at: (1) 12230 Cumming Highway, Canton,

Georgia 30115; (2) 625 Atwood Street, Atlanta, Georgia 30310; and (3) 230 Woodward Avenue,

Atlanta, GA 30312.  The real estate records currently reflect that these three properties have been

conveyed respectively to the 12230 Cumming Highway Trust, the 625 Atwood Trust, and the 230

Woodward Trust, with Grant K. Gibson as trustee.

## II.  FORMATION OF HAMBLEN FAMILY IRREVOCABLE TRUST

23.

On or about September 27, 1999, Debtors Charles Randall Hamblen and Janet Smith Hamblen

established the Hamblen Family Irrevocable Trust ("HFIT") by executing a trust agreement.

24.

The HFIT Trust agreement  purports to create an irrevocable trust, and the "Grantors shall have

no right, title, or interest in or power, privilege or incident of ownership in regard to any property held under

- 7 -

this Trust Agreement, whether income or corpus, and shall have no right to alter, amend, revoke or terminate this Trust Agreement or any portion thereof." Trust Agreement at Article I.

25.

The beneficiaries of the HFIT were, and are, Charles Randall Hamblen's and Janet Smith Hamblen's children, Justin Randall Hamblen and Haley Renee Hamblen.

26.

The initial co-trustees of the HFIT were Charles Randall Hamblen's sister, Lonna Harris, and Janet Smith Hamblen's mother, Sara Ann Jones Smith. Grant K. Gibson and "NPPH HC, Grant K. Gibson, Trustee," were appointed as additional co-trustees on or about March 27, 2006.

27.

On or about January 16, 2002, ownership interest in Halstin purportedly was transferred to the HFIT, as reflected in two stock certificates, number 3 in the amount of 100 shares and number 4 in the amount of 100 shares. Halstin's articles of organization do not provide that membership interests may be evidenced by a certificate issued by the company. The alleged transfer of ownership interest is also reflected in Halstin's corporate binder in a document titled "Exhibit 'A' Members' Ownership Interests."

28.

The "Members' Ownership Interests" document referenced above indicates that Halstin was initially owned by Charles Randall Hamblen and Janet Smith Hamblen, with each owning a 50% interest. There is a handwritten notation next to the typed material that indicates that each 50% interest was represented by share certificates, being share certificate No. 1 for 100 shares; and share certificate No. 2 for 100

shares. The corporate binder does not include originals or copies of Certificate No. 1 or of Certificate No. 2.

29.

There is nothing in the corporate records to indicate that Stock Certificate No. 1 or Stock Certificate No. 2 were ever transferred or canceled. Accordingly, as far as the corporate records indicate, there are 400 shares of Halstin outstanding.

30.

The Members' Ownership Interests document also has a handwritten caption indicating "Ownership Interest Transfer 1/16/02" followed by handwritten references to Share Certificate No. 3 ("50% = 100 shares") to "Hamblen Family Irrevocable Trust (Justin)" and to Share Certificate No. 4 ("50% = 100 shares") to "Hamblen Family Irrevocable Trust."

31.

Since the alleged transfer of membership interest in Halstin, Debtors Charles Randall Hamblen and Janet Smith Hamblen have continued to act and hold themselves out as members and/or managers of Halstin as reflected in certain contracts, deeds, and official documents of record with the Georgia Secretary of State in which either or both of them have executed such documents as "manager, "member," or "managing member" of Halstin or otherwise on behalf of Halstin.

211110.wpd

32.

In January of 2003, Charles Randall Hamblen and Janet Smith Hamblen signed financial statements relied upon by secured creditors wherein they listed the Cumming Highway property as a personal asset and they indicated that the real estate was titled in the name of Halstin.

33.

In August of 2005, following the administrative dissolution of Halstin as recorded in the records of the Georgia Secretary of State, Janet Smith Hamblen applied for reinstatement of the LLC and signed the application for reinstatement as "managing member" of Halstin.

34.

Charles Randall Hamblen and Janet Smith Hamblen  also have included pass through income from Halstin on their 2002 and 2003 income tax returns (signed under penalty of perjury and reflecting their 50% membership interests in Halstin), which are the last income tax returns that they have filed.

35.

On or about August 11, 2005, Janet Smith Hamblen executed a listing agreement on behalf of Halstin, as the owner of the 12230 Cumming Highway property, to list the property for sale with Bull Realty, Inc. as broker.

36.

On or about August 17, 2005, Janet Smith Hamblen executed a listing agreement on behalf of Halstin, as the owner of the 12230 Cumming Highway property, to list the property for lease with Bull Realty, Inc. as broker.

211110.wpd

37.

A "Security Deed and Agreement" dated October 28, 2005 and an "Assignment of Rents and Leases" dated the same day (both with regard to property located at 625 Atwood Street) was signed on behalf of Halstin by Charles R. Hamblen as "MGR" (manager).

38.

Grant K. Gibson has held himself out as "consulting member" of Halstin in various contracts and deeds.

39.

A life insurance policy with Sun Life Assurance of Canada was given to and accepted by HFIT as part of its corpus.  Notwithstanding the purported irrevocable nature of HFIT, at some time in April of 2005, Janet Smith Hamblen and/or her mother, Sara Ann Jones Smith, cashed in the policy (in the approximate amount of $27,043.43) and paid the cash surrender monies to Sara Ann Jones Smith as repayment of monies loaned by Sara Ann Jones Smith to Janet Smith Hamblen.

40.

Following his appointment as Co-Trustee of HFIT, Grant K. Gibson (as "consulting manager" of Halstin) executed deeds purporting to transfer the real estate owned by Halstin to other trusts.  Specifically, the property located at 12230 Cumming Highway was purportedly transferred by deed from Halstin to 12230 Cumming Highway Trust.  The property located at 230 Woodward was purportedly transferred by deed from Halstin to 230 Woodward Trust.  Finally, the property located at 625 Atwood was

- 11 -

purportedly transferred by deed from Halstin to 625 Atwood Trust.  Grant K. Gibson was named as trustee of each of these trusts.

41.

On or about July 21, 2006, Grant K. Gibson purportedly resigned as trustee for HFIT.

42.

On or about July 31, 2006, Grant K. Gibson, as consulting member of Halstin, recorded two documents captioned as "Affidavit of 'Contract for Member's Interest in Limited Liability Company'" in the Fulton County real estate records in which documents he asserts $25,000 liens against the 625 Atwood Street property and the 230 Woodward Avenue property on behalf of NPPH HC Trust, Grant Gibson as Trustee.

**Count I**

**Declaratory Relief and Turnover of All HFIT Property**

43.

Plaintiff hereby incorporates the allegations contained in paragraphs numbered 1 through 42 as if fully restated herein.

44.

The activities of Janet Smith Hamblen and Sara Ann Jones Smith in cashing in (for their own benefit or use) a life insurance policy that had previously been part of the corpus of the HFIT trust demonstrate that the individual Debtors (or at least Janet Smith Hamblen) retain control over the purportedly irrevocable HFIT trust and demonstrate that the trust is a sham.  Accordingly, Plaintiff is entitled to a declaration that

- 12 -

the HFIT Trust (and all property owned by HFIT) is property of the bankruptcy estates of Charles Randall

Hamblen and Janet Smith Hamblen.

45.

Because the HFIT Trust (and all property owned by HFIT) is property of the bankruptcy estates

of Charles Randall Hamblen and Janet Smith Hamblen, the Defendants should be ordered to turnover to

Plaintiff all property owned by HFIT pursuant to 11 U.S.C. §542.

## Count II

### Declaratory Relief and Turnover of Halstin Ownership Interest

46.

Plaintiff hereby incorporates the allegations contained in paragraphs numbered 1 through 45 as if

fully restated herein.

47.

On information and belief, the alleged transfer of the Hamblens' ownership interest in Halstin to

HFIT did not occur on January 11, 2002 as the Hamblens claim in their post-conversion testimony and in

their post-conversion amendment to their schedules.  Instead, on information and belief, the alleged transfer

of the Hamblens' ownership interest in Halstin to HFIT (if effective) occurred following the date of the filing

of the Hamblens' bankruptcy petition.

211110.wpd

48.

To the extent the alleged transfer of the ownership interests in Halstin occurred post-petition, Plaintiff shows that the purported transfer is void as an effort to obtain possession of, or to exercise control over, property of the estate in violation of 11 U.S.C. §362(a)(3).

49.

Plaintiff is entitled to a judgment declaring that the attempted post-petition transfer of any interest in Halstin is void and of no effect and declaring that Halstin is property of the bankruptcy estates of Charles Randall Hamblen and Janet Smith Hamblen.

50.

Because Halstin is property of the bankruptcy estates of Charles Randall Hamblen and Janet Smith Hamblen, the Defendants should be ordered to turnover to Plaintiff their ownership interest in Halstin pursuant to 11 U.S.C. §542.

**Count III**

**Declaratory Relief and Turnover of Real Estate Once Owned by Halstin**

51.

Plaintiff hereby incorporates the allegations contained in paragraphs numbered 1 through 50 as if fully restated herein.

211110.wpd

52.

Deeds executed post-petition by Halstin (through its "consulting manager" Grant K. Gibson) that purport to transfer ownership of the properties located at 12230 Cumming Highway, 625 Atwood, and 230 Woodward are void as efforts to obtain possession of, or to exercise control over, property of the estate in violation of 11 U.S.C. §362(a)(3).

53.

Plaintiff is entitled to a judgment declaring that the deeds referenced in the preceding paragraph are void and that the properties located at 12230 Cumming Highway, 625 Atwood and 230 Woodward remain owned by Halstin and remain property of the bankruptcy estates of Charles Randall Hamblen and Janet Smith Hamblen.

54.

Because the properties located at 12230 Cumming Highway, 625 Atwood and 230 Woodward are property of the bankruptcy estates of Charles Randall Hamblen and Janet Smith Hamblen, the Defendants should be ordered to turnover to Plaintiff their ownership interest in the three properties pursuant to 11 U.S.C. §542.

211110.wpd

**Count IV**

**Declaratory Relief and Voiding of Liens Filed by NPPH HC**

55.

Plaintiff hereby incorporates the allegations contained in paragraphs numbered 1 through 54 as if fully restated herein.

56.

Liens executed and filed post-petition by Halstin (through its "consulting member" Grant K. Gibson) that purport to create or perfect liens on the properties located at 625 Atwood and 230 Woodward are void as efforts to create, perfect or enforce liens against property of the estate in violation of 11 U.S.C. §362(a)(4).

57.

Plaintiff is entitled to a judgment declaring that the recorded liens referenced in the preceding paragraph are void and that the properties located at 625 Atwood and 230 Woodward are not subject to the liens purportedly created or perfected by the recorded documents.

**Count V**

**Declaratory Relief as to Partial Ownership of Halstin**

58.

Plaintiff hereby incorporates the allegations contained in paragraphs numbered 1 through 57 as if fully restated herein.

- 16 -

211110.wpd

59.

To the extent that the purported transfer of the ownership interests in Halstin actually occurred in January of 2002 (or at any time prior to the petition date), Plaintiff is entitled to a judgment declaring that the bankruptcy estate of Charles Randall Hamblen and Janet Smith Hamblen remains the 50% owner of Halstin (by virtue of being the owner of share certificates Nos. 1 and 2 – which shares were never transferred or canceled and which shares represent 200 shares out of the 400 shares outstanding).

## Count VI

### Declaratory Relief as to Ineffectiveness of Attempted Transfer of Ownership of Halstin

60.

Plaintiff hereby incorporates the allegations contained in paragraphs numbered 1 through 59 as if fully restated herein.

61.

To the extent that the purported transfer of the ownership interests in Halstin actually occurred in January of 2002 (or any time prior to the petition date), Plaintiff is entitled to a judgment declaring that the purported transfer was not effective because the articles of organization of Halstin do not provide that membership interests may be evidenced by a certificate issued by the company and/or because Charles Randall Hamblen and Janet Smith Hamblen have continued to hold themselves out as agents or members of Halstin.

211110.wpd

## Count VII

### Avoidance of Unauthorized Post-Petition Transfer of Halstin Ownership

62.

Plaintiff hereby incorporates the allegations contained in paragraphs numbered 1 through 61 as if fully restated herein.

63.

If the purported transfer of ownership interest in Halstin occurred following the date of the petition, then Halstin was property of the estate at the time of the filing of the petition, and such transfer was not authorized under the Bankruptcy Code or by the Court.

64.

To any extent the transfer of the ownership interest in Halstin occurred post-petition but is determined not to be void as a violation of the automatic stay or otherwise, Plaintiff is nonetheless entitled to avoid the transaction as an unauthorized post-petition transfer under 11 U.S.C. §549 and to recover the ownership interests in Halstin from the Defendants pursuant to 11 U.S.C. §550.

## Count VIII

### Avoidance of Unauthorized Post-Petition Transfer of Halstin Real Properties

65.

Plaintiff hereby incorporates the allegations contained in paragraphs numbered 1 through 64 as if fully restated herein.

211110.wpd

66.

The purported transfers of properties located at 12230 Cumming Highway, 625 Atwood, and 230 Woodward occurred following the date of the petition, such properties were property of the estate at the time of the filing of the petition, and such transfers were not authorized under the Bankruptcy Code or by the Court.

67.

To any extent the transfers of the Halstin real properties occurred post-petition but are determined not to be void as violations of the automatic stay or otherwise, Plaintiff is nonetheless entitled to avoid the transactions as unauthorized post-petition transfers under 11 U.S.C. §549 and to recover the real properties in question pursuant to 11 U.S.C. §550.

**Count IX**

**Avoidance of Unauthorized Post-Petition Liens on Halstin Real Properties**

68.

Plaintiff hereby incorporates the allegations contained in paragraphs numbered 1 through 67 as if fully restated herein.

69.

The purported transfers resulting from the recorded liens in favor of NPPH HC on properties located at 625 Atwood and 230 Woodward occurred following the date of the petition, such properties were property of the estate at the time of the filing of the petition, and such transfers were not authorized under the Bankruptcy Code or by the Court.

211110.wpd

70.

To any extent the transfers resulting from the liens created or perfected on the Halstin real properties occurred post-petition but are determined not to be void as violations of the automatic stay or otherwise, Plaintiff is nonetheless entitled to avoid the transactions as unauthorized post-petition transfers under 11 U.S.C. §549.

**Count X**

**Avoidance of Fraudulent Conveyance Under O.C.G.A. §18-2-22 et seq. (2001)**

71.

Plaintiff hereby incorporates the allegations contained in paragraphs numbered 1 through 70 as if fully restated herein.

72.

To the extent the transfer of the ownership interest in Halstin from Charles Randall Hamblen and Janet Smith Hamblen to HFIT (hereinafter the "Halstin Ownership Transfer") was effective and did in fact occur in January of 2002, the Halstin Ownership Transfer is voidable by the Plaintiff pursuant to O.C.G.A. §18-2-22 (which was in effect and applies to transfers occurring prior to July 1, 2002) and 11 U.S.C. §544.

211110.wpd

73.

The Halstin Ownership Transfer was made while Charles Randall Hamblen and Janet Smith Hamblen were insolvent or, in the alternative, the Halstin Ownership Transfer rendered Charles Randall Hamblen and Janet Smith Hamblen insolvent.

74.

The Halstin Ownership Transfer was a voluntary conveyance and not for a valuable consideration.

75.

The Halstin Ownership Transfer was made by Charles Randall Hamblen and Janet Smith Hamblen with the intention to delay or defraud creditors and such intention was known or should have reasonably been known to the Co-Trustees of HFIT.

76.

Pursuant to 11 U.S.C. § 544(b), the Plaintiff Trustee may avoid any prepetition transfer of an interest of the debtors in property that is voidable under applicable law, including laws of the State of Georgia, by a creditor holding an unsecured claim that is allowable under 11 U.S.C. § 502.

77.

At the time of the Halstin Ownership Transfer to Defendant HFIT on January 20, 2002, Charles Randall Hamblen and Janet Smith Hamblen had actual unsecured creditor(s).

78.

The actual unsecured creditor(s) have unsecured claim(s) allowable under 11 U.S.C. § 502 and said creditor(s) are authorized under applicable Georgia law to avoid the Halstin Ownership

211110.wpd

Transfer pursuant to O.C.G.A. §§ 18-2-22(2) and 18-2-22(3) (2001) (in effect at the time of the

transfer and applicable to transfers occurring prior to July 1, 2002).


**WHEREFORE**, Plaintiff prays that the Court enter judgment (a) under Count I, declaring that

the HFIT trust (and all property owned by HFIT) is property of the bankruptcy estates of Charles

Randall Hamblen and Janet Smith Hamblen; (b) under Count II, declaring that the attempted post-

petition transfer of any interest in Halstin is void and of no effect, declaring that Halstin is property of the

bankruptcy estates of Charles Randall Hamblen and Janet Smith Hamblen, and ordering Defendants to

turnover to Plaintiff any ownership interest in Halstin; (c) under Count III, declaring that the post-

petition transfers of real properties located at 12230 Cumming Highway, 625 Atwood and 230

Woodward are void, declaring that the properties located at 12230 Cumming Highway, 625 Atwood

and 230 Woodward remain owned by Halstin and remain property of the bankruptcy estates of

Charles Randall Hamblen and Janet Smith Hamblen, and ordering Defendants to turnover to Plaintiff

their ownership interests in the real properties in question; (d) under Count IV, declaring that the

recorded liens in favor of NPPH HC are void and that the properties located at 625 Atwood and 230

Woodward are not subject to the liens purportedly created or perfected by the recorded documents;

(e) under Count V, declaring that, even if the purported transfer of the ownership interests in Halstin

actually occurred in January of 2002 and was effective, the bankruptcy estate of Charles Randall

Hamblen and Janet Smith Hamblen remains the 50% owner of Halstin; (f) under Count VI,  declaring

that the purported transfer of the ownership interest in Halstin was not effective because the articles of

- 22 -

211110.wpd

organization of Halstin do not provide that membership interests may be evidenced by a certificate

issued by the company and/or because Charles Randall Hamblen and Janet Smith Hamblen have

continued to hold themselves out as agents or members of Halstin; (g) under Count VII, avoiding, to the

extent appropriate, Charles Randall Hamblen's and Janet Smith Hamblen's transfer of ownership

interests in Halstin as an unauthorized post-petition transfer; (h) under Count VIII, avoiding the transfers

accomplished by the deeds relating to the three real properties owned by Halstin as unauthorized post-

petition transfers; (i) under Count IX, avoiding the transfers resulting from the liens created or perfected

on the Halstin real properties located at 625 Atwood and 230 Woodward as unauthorized post-

petition transfers; (j) under Count X, avoiding, to the extent appropriate, the pre-petition transfers by

Charles Randall Hamblen and Janet Smith Hamblen of their ownership interests in Halstin as a

fraudulent conveyance; (k) awarding Plaintiff all costs of this action; and (l) granting Plaintiff such other

and further relief as is equitable and just.

       This 13th day of September, 2006.

                            LAMBERTH, CIFELLI, STOKES
                              & STOUT, P.A.
                            Attorneys for Plaintiff

                            By: /s/_William D. Matthews___
                              A. Alexander Teel
                              Georgia Bar No. 701490
                              William D. Matthews
                              Georgia Bar No. 470865

3343 Peachtree Road, NE, Suite 550
Atlanta, Georgia 30326-1022
(404) 262-7373

        211110.wpd