**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE: ) | CHAPTER 7 |
| ) | |
| CHARLES RANDALL HAMBLEN and JANET ) | CASE NO. 05-95215-JB |
| SMITH HAMBLEN, BROOKSTONE FINE WOOD ) | |
| PRODUCTS, INC., CLOSET & STORAGE ) | CASE NO. 05-95216-JB |
| SOLUTIONS, LLC, ) | |
| ) | CASE NO. 05-95217-JB |
| Debtors. ) | |
| _____ ) | JOINTLY ADMINISTERED UNDER |
| S. GREGORY HAYS, Chapter 7 Trustee ) | CASE NO. 05-95215-JB |
| for Charles Randall Hamblen and ) | |
| Janet Smith Hamblen, Brookstone ) | |
| Fine Wood Products, Inc. and ) | |
| Closet Storage Solutions, LLC, ) | |
| ) | |
| Plaintiff, ) | ADVERSARY PROCEEDING NO. |
| ) | |
| v. ) | 06-06394 |
| ) | |
| HAMBLEN FAMILY IRREVOCABLE TRUST; ) | |
| LONNA HARRIS, individually and as ) | |
| Trustee of the Hamblen Family ) | |
| Irrevocable Trust; SARA ANN JONES ) | |
| SMITH, individually and as Trustee ) | |
| of the Hamblen Family Irrevocable ) | |
| Trust; GRANT K. GIBSON, individually) | |
| and as Trustee of the Hamblen Family) | |
| Irrevocable Trust, of NPPH HC, of ) | |
| 230 Woodward Trust, of 625 Atwood ) | |
| Trust, and of 12230 Cumming Highway) | |
| Trust; NPPH HC, JANET SMITH HAMBLEN,) | |
| CHARLES RANDALL HAMBLEN, 12230 ) | |
| CUMMING HIGHWAY TRUST, 230 WOODWARD) | |
| TRUST, 625 ATWOOD TRUST, and ) | |
| HALSTIN COMPANY, LLC, ) | |
| Defendants. ) | |

**ANSWER AND DEFENSES OF DEFENDANT SARA ANN JONES SMITH**

COMES NOW Defendant Sara Ann Jones Smith ("Defendant") who

1

files her Answer and Defenses to Plaintiff's Complaint and
respectfully shows the following:

### FIRST DEFENSE

Defendant denies that she received any transfers from
Debtors during the preference period.

### SECOND DEFENSE

Defendant denies any liability pursuant to 11 U.S.C. §550.

### THIRD DEFENSE

To the extent it is determined that Defendant received a
transfer from one or more of the Debtors, Plaintiff can not void
the transfer(s) to Defendant because the transfer(s) by Debtor(s)
to Defendant were:

A)   in payment of a debt incurred by the debtor(s) in the
     ordinary course of business or financial affairs of the
     debtor(s) and the Defendant;

B)   made in the ordinary course of business or financial
     affairs of the debtor(s) and the Defendant; and

C)   made according to ordinary business terms.

### FOURTH DEFENSE

To the extent it is determined that Defendant received a
transfer from one or more of the Debtors, Plaintiff can not void
the transfers to Defendant because after said transfers,
Defendant gave new value to or for the benefit of debtor(s) -

2

A)    not secured by an otherwise unavoidable security

interest; and

B)    on account of which new value the debtor(s) did not

make an otherwise unavoidable transfer to or for the

benefit of Defendant.

### FIFTH DEFENSE

To the extent it is determined that Defendant received a

transfer from one or more of the Debtors, Plaintiff can not void

the transfers to Defendant because the transfers were

A)    Intended by the debtor(s) and Defendant to be a

contemporaneous exchange for new value given to the

debtor; and

B)    In fact a substantially contemporaneous exchange.

### SIXTH DEFENSE

Defendant alleges each and every affirmative defense

pursuant to Fed.R.Civ.P. 8(b) and Fed.R.Bank.P. 8 which may be

applicable to the facts of this case as it may be disclosed by

discovery and the evidence produced by the parties during these

proceedings.

### SEVENTH DEFENSE

Defendant responds to the specific numeric allegations of

Plaintiff's Complaint as follows:

1.

The allegations of Paragraph 1 are admitted.

2.

The allegations of Paragraph 2 are admitted.

3.

The allegations of Paragraph 3 are admitted.

4.

The allegations of Paragraph 4 are admitted.

5.

The allegations of Paragraph 5 are admitted.

6.

The allegations of Paragraph 6 are admitted.

7.

The allegations of Paragraph 7 are denied as stated.
Defendant admits that HFIT was formed by a Trust Agreement
executed by the Hamblens as Grantors, Harris and Defendant as
Trustees.  Defendant denies that HFIT may be served by service
upon Defendant.  Defendant resigned as Trustee prior to the
issuance of the Summons in this matter.  Furthermore, on
information and belief, Mr. Altman resigned as attorney for the
trust prior to the issuance of the Summons in this matter.
Defendant is without sufficient information or knowledge as to
any allegations with regard to NPPH HC and, therefore, denies

4

same.

8.

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 8, and, therefore, denies same.

9.

The allegations of Paragraph 9 are denied as stated. Defendant admits she is a resident of Florida and may be served with process at her proper address 3444 Sandpiper Drive                    . Defendant denies she may be served through Mr. Altman.  Defendant denies she continues as a co-trustee of HFIT.

10.

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 10, and, therefore, denies same.

11.

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 11, and, therefore, denies same.

12.

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 12, and, therefore, denies same.

13.

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 13, and, therefore, denies same.

14.

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 14, and, therefore, denies same.

15.

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 15, and, therefore, denies same.

16.

Defendant admits that the Georgia Secretary of State's website indicates that Defendant Halstin Company, LLC may be served care of its registered agent, Jay Parkerson, at the address referenced in Plaintiff's Complaint.

17.

Defendant hereby reaffirms and realleges all matters set forth in Defendant's responses to Paragraphs 1 through 16 and same are incorporated herein by this reference.

18.

Defendant is without information or knowledge sufficient to

form a belief as to the allegations of Paragraph 18, and,
therefore, denies same.

19.

Defendant is without information or knowledge sufficient to
form a belief as to the allegations of Paragraph 19, and,
therefore, denies same.

20.

Defendant is without information or knowledge sufficient to
form a belief as to the allegations of Paragraph 20, and,
therefore, denies same.

21.

Defendant is without information or knowledge sufficient to form
a belief as to the allegations of Paragraph 21, and, therefore,
denies same.

22.

Defendant is without information or knowledge sufficient to
form a belief as to the allegations of Paragraph 22, and,
therefore, denies same.

23.

Defendant is without information or knowledge sufficient to
form a belief as to the allegations of Paragraph 23, and,
therefore, denies same.

24.

The allegations of Paragraph 24 are admitted.

25.

Defendant denies the allegations of Paragraph 25 as stated. Attached hereto as Exhibit "A" is a true and correct copy of the HFIT Trust Agreement. Defendant states said Trust Agreement speaks for itself.

26.

The allegations of Paragraph 26 are admitted.

27.

The allegations of Paragraph 27 are admitted.

28.

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 28, and, therefore, denies same.

29.

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 29, and, therefore, denies same.

30.

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 30, and, therefore, denies same.

8

31.

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 31, and, therefore, denies same.

32.

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 32, and, therefore, denies same.

33.

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 33, and, therefore, denies same.

34.

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 34, and, therefore, denies same.

35.

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 35, and, therefore, denies same.

36.

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 36, and,

9

therefore, denies same.

37.

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 37, and, therefore, denies same.

38.

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 38, and, therefore, denies same.

39.

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 39, and, therefore, denies same.

40.

As to the allegations of Paragraph 40, Defendant states, on information and belief, that the insurance policy was in the name of HFIT and, therefore, part of its corpus. Defendant further admits that in late 2004, there was an effort to cash out the insurance policy to obtain funds to pay the mortgage (BB&T) on the property located at 12230 Cumming Highway. Defendant further admits that in January, 2005, with the belief that a payment from the insurance policies was imminent, she wrote checks in the amount of $19,886.74 believed to be for the benefit of paying the

10

mortgage on the trust property at 12230 Cumming Highway.
Defendant further admits that through various miscommunications,
misdirected checks, lost checks, "follow up" trust paperwork with
the insurance company, and other associated delays, Defendant did
not receive the funds from the cash out of the policy until
approximately April 4, 2005 in the amount of $27,043.43. Shortly
thereafter, Defendant transferred an additional $12,150.00 to or
for the benefit of Debtor Janet Hamblen and/or the Trust.
Therefore, Defendant admits she received a transfer of $27,043.43
from the cash out of the Sun Life policy, but during the period
January, 2005 through April, 2005, inclusive, Defendant also
transferred $32,036.74 to or for the benefit of trust properties.

41.

Defendant is without information or knowledge sufficient to
form a belief as to the allegations of Paragraph 41, and,
therefore, denies same.

42.

On information and belief, Defendant believes the
allegations of Paragraph 42 to be correct.

43.

Defendant is without information or knowledge sufficient to
form a belief as to the allegations of Paragraph 43, and,
therefore, denies same.

11

44.

Defendant hereby reaffirms and realleges all matters set forth in Defendant's responses to Paragraphs 1 through 43 and same are incorporated herein by this reference.

45.

The allegations of Paragraph 45 are denied.  As set forth in Defendant's response to Paragraph 40 herein, it was Defendant's understanding that the insurance proceeds were being cashed in to protect other trust assets.

46.

The allegations of Paragraph 46 are denied.

47.

Defendant hereby reaffirms and realleges all matters set forth in Defendant's responses to Paragraphs 1 through 46 and same are incorporated herein by this reference.

48.

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 48, and, therefore, denies same.

49.

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 49, and,

12

therefore, denies same.

50.

The allegations of Paragraph 50 are denied.

51.

The allegations of Paragraph 51 are denied.

52.

Defendant hereby reaffirms and realleges all matters set forth in Defendant's responses to Paragraphs 1 through 51 and same are incorporated herein by this reference.

53.

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 53, and, therefore, denies same.

54.

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 54, and, therefore, denies same.

55.

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 55, and, therefore, denies same.

56.

Defendant hereby reaffirms and realleges all matters set

forth in Defendant's responses to Paragraphs 1 through 55 and
same are incorporated herein by this reference.

57.

    Defendant is without information or knowledge sufficient to
form a belief as to the allegations of Paragraph 57, and,
therefore, denies same.

58.

    Defendant is without information or knowledge sufficient to
form a belief as to the allegations of Paragraph 58, and,
therefore, denies same.

59.

    Defendant hereby reaffirms and realleges all matters set
forth in Defendant's responses to Paragraphs 1 through 58 and
same are incorporated herein by this reference.

60.

    Defendant is without information or knowledge sufficient to
form a belief as to the allegations of Paragraph 60, and,
therefore, denies same.

61.

    Defendant hereby reaffirms and realleges all matters set
forth in Defendant's responses to Paragraphs 1 through 60 and
same are incorporated herein by this reference.

14

62.

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 62, and, therefore, denies same.

63.

Defendant hereby reaffirms and realleges all matters set forth in Defendant's responses to Paragraphs 1 through 62 and same are incorporated herein by this reference.

64.

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 64, and, therefore, denies same.

65.

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 65, and, therefore, denies same.

66.

Defendant hereby reaffirms and realleges all matters set forth in Defendant's responses to Paragraphs 1 through 65 and same are incorporated herein by this reference.

67.

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 67, and,

therefore, denies same.

68.

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 68, and, therefore, denies same.

69.

Defendant hereby reaffirms and realleges all matters set forth in Defendant's responses to Paragraphs 1 through 68 and same are incorporated herein by this reference.

70.

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 70, and, therefore, denies same.

71.

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 71, and, therefore, denies same.

72.

Defendant hereby reaffirms and realleges all matters set forth in Defendant's responses to Paragraphs 1 through 71 and same are incorporated herein by this reference.

73.

Defendant is without information or knowledge sufficient to

16

form a belief as to the allegations of Paragraph 73, and,
therefore, denies same.

74.

Defendant is without information or knowledge sufficient to
form a belief as to the allegations of Paragraph 74, and,
therefore, denies same.

75.

Defendant is without information or knowledge sufficient to
form a belief as to the allegations of Paragraph 75, and,
therefore, denies same.

76.

Defendant is without information or knowledge sufficient to
form a belief as to the allegations of Paragraph 76, and,
therefore, denies same.

77.

Defendant is without information or knowledge sufficient to
form a belief as to the allegations of Paragraph 77, and,
therefore, denies same.

78.

Defendant is without information or knowledge sufficient to
form a belief as to the allegations of Paragraph 78, and,
therefore, denies same.

79.

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 79, and, therefore, denies same.

80.

Defendant denies each and every other allegation of Plaintiff's First Amended and Restated Complaint not specifically admitted or otherwise explained herein.

WHEREFORE, having fully responded to Plaintiff's Complaint, Defendant prays as follows:

(a)    Defendant's defenses be inquired into and Defendant be discharged without liability;

(b)    All costs be cast upon Plaintiff; and

(c)    The Court grant such other and further relief as it deems just and proper.

Respectfully submitted this 30th day of _October_, 2006.

_____

W. Russell Patterson, Jr.
Attorney for Defendant Sara Ann Jones Smith
Georgia Bar No. 566920

Ragsdale, Beals, Seigler, Patterson & Gray, LLP
2400 International Tower Peachtree Center
229 Peachtree Street, N.E.
Atlanta, GA 30303-1629
(404) 588-0500
Fax No. (404) 523-6714
E-Mail: wrpjr@rbspg.com

18

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| CHARLES RANDALL HAMBLEN and JANET | ) | CASE NO. 05-95215-JB |
| SMITH HAMBLEN, BROOKSTONE FINE WOOD | ) | |
| PRODUCTS, INC., CLOSET & STORAGE | ) | CASE NO. 05-95216-JB |
| SOLUTIONS, LLC, | ) | |
| | ) | CASE NO. 05-95217-JB |
|     Debtors. | ) | |
| | ) | JOINTLY ADMINISTERED UNDER |
| S. GREGORY HAYS, Chapter 7 Trustee | ) | CASE NO. 05-95215-JB |
| for Charles Randall Hamblen and | ) | |
| Janet Smith Hamblen, Brookstone | ) | |
| Fine Wood Products, Inc. and | ) | |
| Closet Storage Solutions, LLC, | ) | |
| | ) | |
|     Plaintiff, | ) | ADVERSARY PROCEEDING NO. |
| v. | ) | 06-06394 |
| | ) | |
| HAMBLEN FAMILY IRREVOCABLE TRUST; | ) | |
| LONNA HARRIS, individually and as | ) | |
| Trustee of the Hamblen Family | ) | |
| Irrevocable Trust; SARA ANN JONES | ) | |
| SMITH, individually and as Trustee | ) | |
| of the Hamblen Family Irrevocable | ) | |
| Trust; GRANT K. GIBSON, individually) | | |
| and as Trustee of the Hamblen Family) | | |
| Irrevocable Trust, of NPPH HC, of | ) | |
| 230 Woodward Trust, of 625 Atwood | ) | |
| Trust, and of 12230 Cumming Highway) | | |
| Trust; NPPH HC, JANET SMITH HAMBLEN,) | | |
| CHARLES RANDALL HAMBLEN, 12230 | ) | |
| CUMMING HIGHWAY TRUST, 230 WOODWARD) | | |
| TRUST, 625 ATWOOD TRUST, and | ) | |
| HALSTIN COMPANY, LLC, | ) | |
|     Defendants. | ) | |

**CERTIFICATE OF SERVICE**

    This is to certify that I have this date served a copy of
the foregoing **Answer and Defenses of Sara Ann Jones Smith** on all

19

interested parties by depositing a copy of same in the United
States mail with sufficient postage thereon to assure delivery
addressed to the parties as follows:

          Lonna Harris
          4904 Toll House Trail
          Signal Mountain, TN 37377-8551

          Grant K. Gibson
          765 Crab Orchard Court
          Roswell, GA 30076

          Grant K. Gibson
          P. O. Box 767488
          Roswell, GA 30076

          Janet Smith Hamblen and
          Charles Randall Hamblen
          510 Pennroyal Lane
          Alpharetta, GA 30004

          12230 Cumming Highway Trust
          c/o Grant K. Gibson
          765 Crab Orchard Court
          Roswell, GA 30076

          12230 Cumming Highway Trust
          c/o Grant K. Gibson
          P. O. Box 767488
          Roswell, GA 30076

          230 Woodward Trust
          c/o Grant K. Gibson
          765 Crab Orchard Court
          Roswell, GA 30076

          230 Woodward Trust
          c/o Grant K. Gibson
          P. O. Box 767488
          Roswell, GA 30076

```
625 Atwood Trust
c/o Grant K. Gibson
765 Crab Orchard Court
Roswell, GA 30076

625 Atwwod Trust
c/o Grant K. Gibson
P. O. Box 767488
Roswell, GA 30076

NPPH HC
c/o Grant K. Gibson
765 Crab Orchard Court
Roswell, GA 30076

NPPH HC
c/o Grant K. Gibson
P. O. Box 767488
Roswell, GA 30076
```

This __30th__ day of _____, 2006.

_____
William Russell Patterson, Jr.
Attorney for Defendant Sara Ann Jones Smith
Georgia Bar No. 566920

Ragsdale, Beals, Seigler, Patterson & Gray, LLP
2400 International Tower Peachtree Center
229 Peachtree Street, N.E.
Atlanta, GA 30303-1629
(404) 588-0500
Fax No. (404) 523-6714
E-Mail: wrpjr@rbspg.com

21