IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| CHARLES RANDALL HAMBLEN and | :CASE NO. 05-95215-JB | |
| JANET SMITH HAMBLEN, | : | |
| BROOKSTONE FINE WOOD | :CASE NO. 05-95216-JB | |
| PRODUCTS, INC., | : | |
| CLOSET & STORAGE SOLUTIONS, INC. | :CASE NO. 05-95217-JB | |
| | : | |
| | : | Jointly Administered Under |
| Debtors. | : | CASE NO. 05-95215-JB |
| | : | |
| | : | |
| S. GREGORY HAYS, CHAPTER 7 | : | |
| TRUSTEE FOR CHARLES RANDALL | : | |
| HAMBLEN AND JANET SMITH | : | |
| HAMBLEN, BROOKSTONE FINE | : | |
| WOOD PRODUCTS, INC., AND CLOSET | : | |
| & STORAGE SOLUTIONS, LLC., | : | |
| PLAINTIFF, | : | |
| v. | : | ADVERSARY PROCEEDING |
| | | NO. 06-06394 |
| HAMBLEN FAMILY IRREVOCABLE | : | |
| TRUST ET AL | : | |
| DEFENDANTS. | : | |

**ANSWER AND DEFENSES**

Comes now Grant K. Gibson, Individually, files his Answer and Defenses to Plaintiff's Complaint and respectfully shows the following:

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

The Complaint is barred by not being a "core proceeding" upon which this court

may retain jurisdiction.

### THIRD DEFENSE

Plaintiff's claims are barred by their own "unclean hands" in relation to this matter, this defendant and the claims asserted in the complaint.

### FOURTH DEFENSE

Defendant denies any liability pursuant to 11 U.S.C. §550.

### FIFTH DEFENSE

Defendant never received compensation from either the Debtor or the Estate in this matter.

### SIXTH DEFENSE

Defendant was at all times was acting in his capacity as a fiduciary and trustee at the behest of his clients and took no actions which were improper, nor under the auspices of the Estate, never acted at any time in his capacity as an individual which would give rise to liability, nor was he compensated improperly during either the preference period or during any timeframes giving rise to his liability to the estate. This defendant is not a proper defendant or party to this action as he at no time ever acted in his capacity as an individual in any matter that could conceivably be linked to this adversarial claim.

### SEVENTH DEFENSE

To the extent it is determined that Defendant received a transfer from one or more of the Debtors, Plaintiff can not void the transfer(s) to Defendant because the transfer(s) by Debtor(s) to Defendant were:

    A) in payment of a debt incurred by the debtor(s) in the ordinary course of business or financial affairs of the debtor(s) and the Defendant;

B) made in the ordinary course of business or financial affairs of the debtor(s) and the Defendant; and

B) made according to ordinary business terms.

### EIGHTH DEFENSE

To the extent it is determined that Defendant received a transfer from one or more of the Debtors, Plaintiff can not void the transfers to Defendant because after said transfers, Defendant gave new value to or for the benefit of debtor(s)

A)   not secured by an otherwise unavoidable security interest; and

B)   on account of which new value the debtor(s) did not make an otherwise unavoidable transfer to or for the benefit of Defendant.

### NINTH DEFENSE

To the extent it is determined that Defendant received a transfer from one or more of the Debtors, Plaintiff can not void the transfers to Defendant because the transfers were:

A)   Intended by the debtor(s) and Defendant to be a contemporaneous exchange for new value given to the debtor; and

B)   In fact a substantially contemporaneous exchange.

### TENTH DEFENSE

The Complaint is barred as a result of waiver and/or settlement.

### ELEVENTH DEFENSE

The Complaint is barred as untimely as to Count 10.

### TWELTH DEFENSE

Defendant alleges each and every affirmative defense pursuant to Fed.R.Civ.P.

3

8(b) and Fed.R.Bank.P. 8 which may be applicable to the facts of this case as it may be disclosed by discovery and the evidence produced by the parties during these proceedings.

## ELEVENTH DEFENSE

Defendant responds to the specific numeric allegations of Plaintiff's Complaint as follows:

1.

The allegations of Paragraph 1 are admitted.

2.

The allegations of Paragraph 2 are admitted.

3.

The allegations of Paragraph 3 are admitted.

4.

The allegations of Paragraph 4 are admitted.

5.

The allegations of Paragraph 5 are denied as stated. Defendant does not admit that these proceedings are "core proceedings" and venue is not admitted as to these proceedings.

6.

The allegations of Paragraph 6 are admitted.

7.

The allegations of Paragraph 7 are denied as stated. Defendant admits that HFIT

4

was formed by a Trust Agreement executed by the Hamblens.

Defendant denies that HFIT may be served by service upon this Defendant.

This defendant resigned as Trustee prior to the issuance of the Summons in this matter.

Furthermore, on information and belief. Mr. Altman was fired as attorney for the trust prior to the issuance of the Summons in this matter by Defendant Sara Smith.

Defendant denies the allegations with regard to NPPH HC.

8.

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 8, and, therefore, denies same.

9.

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 9, and, therefore, denies same.

10.

The allegations of Paragraph 10 are denied as the issue of trusteeship and admitted as to the issue of service.  Defendant will accept all future service at his business address of PO Box 767488, Roswell, GA 30076.

11.

The allegations of Paragraph 11 are admitted.

12.

The allegations of Paragraph 12 as stated are denied.

13.

The allegations of Paragraph 13 as stated are denied.

5

14.

The allegations of Paragraph 14 as stated are denied.

15.

The allegations of Paragraph 15 are admitted.

16.

The allegations of Paragraph 16 are admitted.

17.

Defendant hereby reaffirms and realleges all matters set forth in Defendant's responses to Paragraphs 1 through 16 and same are incorporated herein by this reference.

18.

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 18, and, therefore, denies same.

19.

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 19, and, therefore, denies same.

20.

The allegations of Paragraph 20 are admitted.

21.

Defendant was not at the hearing, but upon information and belief this is correct. Defendant is without first hand information or knowledge sufficient to form a true belief as to the allegations of Paragraph 21, and, therefore, denies same.

22.

Document      Page 7 of 17

The allegations of Paragraph 22 are admitted as to the amendment, but Defendant was not at the hearing, but upon information and belief this is correct. Defendant is without first hand information or knowledge sufficient to form a true belief as to the allegations of Paragraph 22, and, therefore, denies same.

**23.**

The allegations of Paragraph 23 are admitted except defendant does not know what the current real estate "record" means (as it is undefined) nor attached as an exhibit and therefor denies this allegation at this time.

**24.**

The allegations of Paragraph 24 are admitted.

**25.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 25, and, therefore, denies same.

**26.**

Defendant admit that at one time the Children referenced were beneficiaries however defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 26 currently, and, therefore, denies same.

**27.**

The allegations of Paragraph 27 are admitted.

**28.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 28, and, therefore, denies same.

**29.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 29, and, therefore, denies same.

**30.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 30, and, therefore, denies same.

**31.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 18, and, therefore, denies same.

**32.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 18, and, therefore, denies same.

**33.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 18, and, therefore, denies same.

**34.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 18, and, therefore, denies same.

**35.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 18, and, therefore, denies same.

**36.**

The allegations of Paragraph 36 are admitted.

**37.**

The allegations of Paragraph 37 are admitted.

**38.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 38, and, therefore, denies same.

**39.**

Defendant is without information or knowledge sufficient to form a belief as to what contracts and deeds the allegations of Paragraph 39 reference, and, therefore, denies same.

**40.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 40, and, therefore, denies same.

**41.**

The allegations of Paragraph 41 as stated are denied.

**42.**

The allegations of Paragraph 42 are admitted.

**43.**

The allegations of Paragraph 41 as stated are denied.

**44.**

Defendant hereby reaffirms and realleges all matters set forth in Defendant's responses to Paragraphs 1 through 43 and same are incorporated herein by this reference.

**45.**

Defendant is without information or knowledge sufficient to form a belief as to

9

the allegations of Paragraph 45, and, therefore, denies same.

**46.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 46, and, therefore, denies same.

**47.**

Defendant hereby reaffirms and realleges all matters set forth in Defendant's responses to Paragraphs 1 through 46 and same are incorporated herein by this reference.

**48.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 48, and, therefore, denies same.

**49.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 49, and, therefore, denies same.

**50.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 50, and, therefore, denies same.

**51.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 51, and, therefore, denies same.

**52.**

Defendant hereby reaffirms and realleges all matters set forth in Defendant's responses to Paragraphs 1 through 51 and same are incorporated herein by this reference.

**53.**

The allegations of Paragraph 53 are denied.

**54.**

The allegations of Paragraph 54 are denied.

**55.**

The allegations of Paragraph 55 are denied.

**56.**

Defendant hereby reaffirms and realleges all matters set forth in Defendant's responses to Paragraphs 1 through 55 and same are incorporated herein by this reference.

**57.**

The allegations of Paragraph 57 are denied.

**58.**

The allegations of Paragraph 58 are denied.

**59.**

Defendant hereby reaffirms and realleges all matters set forth in Defendant's responses to Paragraphs 1 through 59 and same are incorporated herein by this reference.

**60.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 60, and, therefore, denies same.

**61.**

Defendant hereby reaffirms and realleges all matters set forth in Defendant's responses to Paragraphs 1 through 60 and same are incorporated herein by this reference.

**62.**

11

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 62, and, therefore, denies same.

### 63.

Defendant hereby reaffirms and realleges all matters set forth in Defendant's responses to Paragraphs 1 through 62 and same are incorporated herein by this reference.

### 64.

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 64, and, therefore, denies same.

### 65.

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 65, and, therefore, denies same.

### 66.

Defendant hereby reaffirms and realleges all matters set forth in Defendant's responses to Paragraphs 1 through 65 and same are incorporated herein by this reference.

### 67.

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 67, and, therefore, denies same.

### 68.

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 68, and, therefore, denies same.

### 69.

Defendant hereby reaffirms and realleges all matters set forth in Defendant's

responses to Paragraphs 1 through 69 and same are incorporated herein by this reference.

70.

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 62, and, therefore, denies same.

71.

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 71, and, therefore, denies same.

72.

Defendant hereby reaffirms and realleges all matters set forth in Defendant's responses to Paragraphs 1 through 71 and same are incorporated herein by this reference.

73.

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 62, and, therefore, denies same.

74.

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 74, and, therefore, denies same.

75.

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 75, and, therefore, denies same.

76.

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 76, and, therefore, denies same.

77.

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 77, and, therefore, denies same.

**78.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 78, and, therefore, denies same.

**79.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations of Paragraph 79, and, therefore, denies same.

**80.**

Defendant denies each and every other allegation of Plaintiff's First Amended and Restated Complaint not specifically admitted or otherwise explained herein.

Having fully responded to Plaiitffs Complaint, Defendant prays as follows:

1. Defendant's defenses be insqired into and defendant be discjharegd without liability;
2. All costs of the defense of this action be borne by Plaintiff;
3. The court grant this and other such relief as it finds and deems just and proper in this matter.

Respectfully Submitted,

December 26, 2006

_____
Grant K. Gibson, *pro se*, Individually
P.O. Box 767488
Roswell, Georgia  30076
678-528-6714

CERTIFICATE OF SERVICE

This is to certify that I have, this day, served a true and correct copy of the foregoing **ANSWER AND DEFENSES** upon all those parties listed below by VIA FIRST CLASS MAIL POSTAGE PREPAID:

> Office of United States Trustee
> 362 U.S. Courthouse
> 75 Spring Street, SW
> Atlanta, GA 30303
>
> Charles Randall Hamblen
> 510 Pennroyal Lane
> Alpharetta, GA 30004
>
> Janet Smith Hamblen
> 510 Pennroyal Lane
> Alpharetta, GA 30004
>
> Hamblen Family Irrevocable Trust
> PO Box 767488
> Roswell, GA 30076
>
> 625 Atwood Trust
> PO Box 767488
> Roswell, GA 30076
>
> 230 Woodward Trust
> PO Box 767488
> Roswell, GA 30076
>
> 12230 Cumming Highway Trust
> PO Box 767488
> Roswell, GA 30076
>
> NPPH HC Trust
> PO Box 767488
> Roswell, GA 30076
>
> S. Gregory Hays
> Hays Financial Consulting LLC
> 3343 Peachtree Road, NE, Suite 200
> Atlanta, GA 30326

This 27th day of December, 2006.

16

                                                      /s/
Grant K. Gibson, *pro se*, Individually
P.O. Box 767488
Roswell, Georgia  30076
678-528-6714