IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| CHARLES RANDALL HAMBLEN and | CASE NO. 05-95215-JB |
| JANET SMITH HAMBLEN, | CASE NO. 05-95216-JB |
| BROOKSTONE FINE WOOD | CASE NO. 05-95217-JB |
| PRODUCTS, INC., | Jointly Administered Under |
| CLOSET & STORAGE SOLUTIONS, LLC | CASE NO. 05-95215-JB |
| Debtors. | |
| S. GREGORY HAYS, Chapter 7 Trustee for Charles Randall Hamblen and Janet Smith Hamblen, Brookstone Fine Wood Products, Inc., and Closet Storage Solutions, LLC, Plaintiff, | |
| v. | ADVERSARY PROCEEDING |
| HAMBLEN FAMILY IRREVOCABLE TRUST; LONNA HARRIS, individually and as Trustee of the Hamblen Family Irrevocable Trust; SARA ANN JONES SMITH, individually and as Trustee of the Hamblen Family Irrevocable Trust; GRANT K. GIBSON, individually and as Trustee of the Hamblen Family Irrevocable Trust, of NPPH HC, of 230 Woodward Trust, of 625 Atwood Trust, and of 12230 Cumming Highway Trust; NPPH HC; JANET SMITH HAMBLEN; CHARLES RANDALL HAMBLEN; 12230 CUMMING HIGHWAY TRUST; 230 WOODWARD TRUST, 625 ATWOOD TRUST, and HALSTIN COMPANY, LLC, Defendants. | NO. 06-06394 |

## MOTION TO DISMISS DEFENDANT GRANT GIBSON AND FOR ORDER TO VACATE STAY

**COMES NOW** S. Gregory Hays ("Plaintiff" or "Trustee"), Chapter 7 Trustee for Charles Randall Hamblen and Janet Smith Hamblen, Brookstone Fine Wood Products, Inc., and Closet Storage Solutions, LLC ("Debtors"), Plaintiff herein, pursuant to Federal Rule of Civil Procedure

240378.wpd

41(a)(2), incorporated herein by Federal Rule of Bankruptcy Procedure 7041, and Federal Rule of Civil Procedure 54(b), incorporated herein by Federal Rule of Bankruptcy Procedure 7054, and for his Motion to Dismiss Defendant Grant Gibson and for Order to Vacate Stay respectfully shows the Court the following:

## BACKGROUND

1. This adversary proceeding was commenced by filing of Plaintiff's complaint on September 13, 2006. Plaintiff filed an amended complaint on September 26, 2006.

2. The amended complaint names eleven (11) separate defendants and ten (10) counts for relief.

3. The primary relief in the amended complaint is sought from Charles Randall Hamblen and Janet Smith Hamblen, Halstin Company, LLC, the Hamblen Family Irrevocable Trust, 230 Woodward Trust, 625 Atwood Trust, and 12230 Cumming Highway Trust. The nature of the relief sought is essentially: (1) that the purported transfer of the 100% ownership interest in Halstin Company, LLC ("Halstin") from Charles Randall Hamblen and Janet Smith Hamblen to the Hamblen Family Irrevocable Trust never occurred and that Halstin and its property are property of the bankruptcy estate under the custody and control of Mr. Hays as Trustee; and (2) that the conveyance of certain real property from Halstin to the 230 Woodward Trust, 625 Atwood Trust and 12230 Cumming Highway Trust were not authorized and should be avoided and/or reconveyed to Halstin. The amended complaint includes multiple counts to advance various alternative legal theories for obtaining those two primary forms of relief.

4. Default judgments have been obtained against the Hamblens, Halstin, the Hamblen Family Irrevocable Trust, the 230 Woodward Trust, 625 Atwood Trust, 12230 Cumming Highway

Trust, and NPPH HC granting the relief sought by the Trustee, but the Court entered an order staying the enforcement of the default judgments until the litigation is concluded against all of the remaining defendants.

5. The remaining defendants against whom no default judgments have been entered include Grant K. Gibson, Lonna Harris and Sara Ann Jones Smith, each in their capacities as trustees of one or more of the trust defendants, as well as in their individual capacities.

6. These three parties were named as defendants in their capacities as trustees in order to perfect service upon and to obtain relief against the named trusts. No specific relief is sought against them as trustees. They were named in their individual capacities out of an abundance of caution in the event that the total desired relief could not otherwise be obtained. By way of example, if discovery established that one or more of the trustees committed a tortious act in an individual capacity, or exceeded the scope of authority as trustee, individual liability may have been incurred, and the trustee may have specifically sought relief against such person individually. Furthermore, at least one of the individuals, Grant Gibson, has asserted an ownership or other interest in Halstin or in one or more of its properties. The Trustee was attempting to determine through discovery the precise form of such interest and whether or not such interest was valid and enforceable.

7. At this point in the litigation, the Trustee is satisfied that he has complete relief by virtue of the default judgments identified above, and that the litigation is essentially concluded. Having obtained the relief that was sought, it is unnecessary to obtain the same relief through alternative legal theories.

240378.wpd

## MOTION TO DISMISS

8. To this end, the Trustee offered to voluntarily dismiss with prejudice each of the three individual defendants on the condition that they acknowledge that they have no ownership or other interest in Halstin Company, LLC or in any of Halstin Company, LLC's real or personal property. Lonna Harris has consented to the dismissal. On information and belief Sara Smith will consent to the dismissal, but she is out of the country and has not yet responded to the offer. The dismissal also may be complicated by her wish for a release from the Trustee. Grant Gibson has rejected the offer.

9. There being no reason for this litigation to proceed any further against these parties individually, the Trustee shows that cause exists to dismiss Grant K. Gibson as a defendant herein, without prejudice. If Sara Smith elects not to consent to the offer of dismissal, the Trustee also seeks an order of dismissal as to her in her individual capacity, without prejudice.

10. The Trustee shows that neither of these three Defendants have asserted any counterclaims in this adversary proceeding.

## MOTION TO VACATE STAY

11. The Trustee further shows that dismissal of these three Defendants will conclude this litigation. Thus, there being no further potential for inconsistent judgments being obtained, the Trustee requests that the Court enter an order vacating the stay of the default judgments.

WHEREFORE, Plaintiff requests that the Court:

(a) enter an order dismissing, without prejudice, the amended complaint as to Grant K. Gibson in his individual capacity;

(b) if Sara Smith does not consent to the Trustee's pending offer of dismissal as to her, or has not responded to the offer by the time of the hearing on this motion, enter an order dismissing,

240378.wpd

without prejudice, the amended complaint as to Sara Ann Jones Smith in her individual capacity;

(c) enter an order vacating the Court's Order of May 18, 2007 staying the enforcement of the default judgments and orders entered in this proceeding; and

(d) that the Court grant such other an further relief as may be just and proper.

This 7th day of June, 2007.

                                                               LAMBERTH, CIFELLI, STOKES
                                                               ELLIS & NASON, P.A.
                                                               Attorneys for Plaintiff

                                                               By: /s/ A. Alexander Teel_____
                                                                    A. Alexander Teel
                                                                   Georgia Bar No. 701490

3343 Peachtree Road, NE, Suite 550
Atlanta, Georgia 30326-1009
(404) 262-7373

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has served a true and correct copy of the foregoing MOTION TO DISMISS DEFENDANT GRANT GIBSON AND FOR ORDER TO VACATE STAY by placing copies of same in the United States mail, postage prepaid, addressed as follows:

Parties listed on attached Exhibit "A"

This 7th day of June, 2007.

　　　　　　　　　　　　　　　　　　　　　　　/s/ A. Alexander Teel
　　　　　　　　　　　　　　　　　　　　　　　A. Alexander Teel
　　　　　　　　　　　　　　　　　　　　　　　Georgia Bar No. 701490

LAMBERTH, CIFELLI, STOKES,
 ELLIS & NASON, P.A.
3343 Peachtree Road, NE, Suite 550
Atlanta, Georgia 30326-1022
(404) 262-7373

EXHIBIT "A"

Charles Randall Hamblen
12850 Highway 9
Suite 600-118
Alpharetta, GA 30004

Janet Smith Hamblen
12850 Highway 9
Suite 600-118
Alpharetta, GA 30004

Hamblen Family Irrevocable Trust
c/o Lonna Harris, Co-Trustee
11658 Hixson Pike
Soddy Daisy, TN 37379-6318

Lonna Harris
c/o Nicholas W. Whittenburg
Miller & Martin, PLLC
832 Georgia Ave., Suite1000
Chattanooga, TN 37402

Hamblen Family Irrevocable Trust
c/o Sara Ann Jones Smith, Co-Trustee
344 Sandpiper Drive
Punta Gorda, FL 33950

Sara Ann Jones Smith
c/o W. Russell Patterson, Jr.
2400 International Tower/P'Tree Ctr.
229 Peachtree St., NE
Atlanta, GA 30303-1629

Hamblen Family Irrevocable Trust
c/o Grant K. Gibson, Co-Trustee
1421 Rodney Road
Greenville, NC 27834-6658

Hamblen Family Irrevocable Trust
c/o Grant K. Gibson, Co-Trustee
P.O. Box 767488
Roswell, GA 30076

Hamblen Family Irrevocable Trust
c/o NPPH HC, Co-Trustee
Grant K. Gibson, Trustee of NPPH HC
1421 Rodney Road
Greenville, NC 27834-6658

Hamblen Family Irrevocable Trust
c/o NPPH HC, Co-Trustee
Grant K. Gibson, Trustee of NPPH HC
P.O. Box 767488
Roswell, GA 30076

Hamblen Family Irrevocable Trust
c/o Evan M. Altman
Northridge 400, Bldg. Two
8325 Dunwoody Place
Atlanta, GA 30350

Lonna Harris, individually and as Co-Trustee
of Hamblen Family Irrevocable Trust
11658 Hixson Pike
Soddy Daisy, TN 37379-6318

Sara Ann Jones Smith, individually and as
Co-Trustee of Hamblen Family Irrevocable
Trust
344 Sandpiper Drive
Punta Gorda, FL 33950

240378.wpd

Grant K. Gibson, individually, as Co-Trustee of
Hamblen Family Irrevocable Trust, as Trustee
of NPPH HC (which is itself a Co-Trustee of
Hamblen Family Irrevocable Trust), as Trustee of
230 Woodward Trust, and as Trustee of
625 Atwood Trust
1421 Rodney Road
Greenville, NC 27834-6658

Grant K. Gibson, individually, as Co-Trustee of
Hamblen Family Irrevocable Trust, as Trustee
of NPPH HC (which is itself a Co-Trustee of
Hamblen
Family Irrevocable Trust), as Trustee of 12230
Cumming Highway Trust, as Trustee of 230
Woodward
Trust, and as Trustee of 625 Atwood Trust
P.O. Box 767488
Roswell, GA 30076

12230 Cumming Highway Trust
c/o Grant K. Gibson, Trustee
1421 Rodney Road
Greenville, NC 27834-6658

12230 Cumming Highway Trust
c/o Grant K. Gibson, Trustee
P.O. Box 767488
Roswell, GA 30076

230 Woodward Trust
c/o Grant K. Gibson, Trustee
1421 Rodney Road
Greenville, NC 27834-6658

230 Woodward Trust
c/o Grant K. Gibson, Trustee
P.O. Box 767488
Roswell, GA 30076

625 Atwood Trust
c/o Grant K. Gibson, Trustee
1421 Rodney Road
Greenville, NC 27834-6658

625 Atwood Trust
c/o Grant K. Gibson, Trustee
P.O. Box 767488
Roswell, GA 30076

NPPH HC
c/o Grant K. Gibson, Trustee
1421 Rodney Road
Greenville, NC 27834-6658

NPPH HC
c/o Grant K. Gibson, Trustee
P.O. Box 767488
Roswell, GA 30076

Halstin Company, LLC
c/o J. Parkerson,
Registered Agent
12850 Highway 9
Suite 600-118
Alpharetta, GA 30004

240378.wpd